IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 14-CR-30169-NJR |
| | ) | |
| NATHANIEL J. WINN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS EVIDENCE**

Comes now Defendant, Nathaniel J. Winn, through counsel, Todd M. Schultz, Assistant Federal Public Defender for the Southern District of Illinois, and moves to suppress all evidence seized from his cell phone. In support thereof, Defendant states as follows:

1. On June 21, 2014, Det. Lambert with the Mascoutah Police Department seized Defendant's cell phone from his home without a warrant. He seized the cell phone based on his belief that it contained illegal pictures of teenage girls taken by Defendant at the Mascoutah Public Pool on June 18, 2014.

2. Nine days later, on June 30, Lambert swore out a complaint for a search warrant seeking authorization to search Defendant's cell phone for evidence of misdemeanor public indecency.

3. The search warrant authorized a search of Defendant's cell phone for evidence of misdemeanor disorderly conduct, not misdemeanor public indecency.

4. The search warrant authorized law enforcement personnel to search for and seize "any and all files" which constitute evidence of disorderly conduct.

5. On July 1, Inv. Robertson with the St. Clair County Sheriff's Department extracted and seized the entire contents of Defendant's cell phone using a Cellebrite UFED Touch Machine.

1

6.     The extraction report noted images of child pornography had been found on Defendant's cell phone, but did not contain any pictures of teenage girls taken by Defendant at the Mascoutah Public Pool on June 18, 2014.

7.     Almost a week later, on July 7, Det. Lambert performed a manual search of Defendant's cell phone and within seconds found the pictures of teenage girls taken by Defendant at the Mascoutah Public Pool on June 18, 2014.

8.     All evidence obtained from Defendant's cell phone must be suppressed as a result of the following Fourth Amendment violations:

    A.     The nine-day delay between Lambert's warrantless seizure of Defendant's cell phone and his complaint for a search warrant was unreasonable.

    B.     The search warrant was not supported by probable cause.  The complaint did not even allege the offense of misdemeanor disorderly conduct had been committed much less set forth facts that would warrant any belief that evidence of that particular crime would be found on Defendant's cell phone.

    C.     The search warrant failed to state with particularity the items permitted to be seized.  Its authorization to seize "any and all files" which constitute evidence of disorderly conduct permitted officers to conduct an illegal general search of Defendant's cell phone.

    D.     Law enforcement's search of Defendant's cell phone for evidence of crimes other than misdemeanor disorderly conduct exceeded the scope of the search warrant.  The seizure of the entire contents of Defendant's cell phone also exceeded the scope of items authorized to be seized by the search warrant.

Wherefore, for the reasons stated above and more fully set out in Defendant's Memorandum in Support, Defendant asks this Court to suppress all evidence obtained from his cell phone as a result of the Fourth Amendment violations.

Respectfully submitted,

 s/ Todd M. Schultz
TODD M. SCHULTZ
Assistant Federal Public Defender
650 Missouri Avenue, Room G10A
East St. Louis, Illinois 62201
(618) 482-9050

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he has caused a true and correct copy of the foregoing to be served upon Angela Scott, Assistant U.S. Attorney, Southern District of Illinois, Nine Executive Drive, Fairview Heights, Illinois 62208, via electronic filing with the Clerk of the Court using CM/ECF system this 14th day of November 2014.

*s/ Todd M. Schultz*
TODD M. SCHULTZ